cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE POLANSKI,<br><br>             Plaintiff,<br>v.<br><br>K.L.M ROYAL DUTCH AIRLINES,<br>NORTHWEST AIRLINES, INC. and DOES<br>1 to 100,<br><br>             Defendants. | Civil No.04cv2521 BEN (AJB)<br><br>Order Granting Plaintiff's Motion to<br>Compel, Denying Defendants' Motion to<br>Compel, and Ordering to Parties to Proceed<br>with Scheduling of Defendants' Deposition<br>of the Plaintiff<br><br>[Doc. Nos. 60 and 68] |

      The parties have filed cross motions to compel in this case. Plaintiff seeks to compel the Defendants to respond to Plaintiff's First Set of Interrogatories Nos. 1-18, Requests for Admissions 14, 15 and 16, and Requests for Production of Documents Nos. 2, 3 and 5. Defendants' motion seeks to compel responses to Defendants' Request for Production of Documents Nos. 15-31 and Interrogatory Nos. 22-25. The parties also raise the issue of whether or not the Defendants' waived their right to depose the Plaintiff. Based upon the moving papers and for the reasons set forth herein, Plaintiff's Motion to Compel is GRANTED and Defendants' Motion to Compel is DENIED, and the parties are ORDERED to move forward with scheduling Defendants' deposition of Plaintiff.

***Plaintiff's Motion to Compel***

      Plaintiff seeks to compel the Defendants to respond to Plaintiff's First Set of Interrogatories Nos. 1-18, Requests for Admissions 14, 15 and 16, and Requests for Production of Documents Nos. 2, 3 and

5. Plaintiff argues that the Court should compel responses from the Defendants because the objections asserted in response to these requests were boilerplate objections and the information is relevant to some of Defendants' twenty-seven (27) affirmative defenses.  Specifically, Plaintiff seeks information regarding the specific incident and aircraft involved including such things as the gross taxi weight of the aircraft prior to take-off; actual taxi weight; certified maximum take-off weight; actual take off weight; limit take-off weight; actual weight of the aircraft at Waypoints; actual weight of aircraft thirty minutes into flight; estimated landing weight thirty minutes in flight; maximum certified landing weight; estimated landing fees, refueling fees; departure fees had the aircraft been diverted; estimated expenses had the aircraft thirty minutes after take-off; effect of diversion on crew legalities and non-qualifications; crew-cost per flight hour; direct operating cost per flight hour and European Union penalties had the aircraft been diverted.

Plaintiff contends that the requested information is needed to contest Defendants' eighth, fourteenth, seventeenth, twentieth and twenty-third affirmative defenses.  Plaintiff argues that without the requested information he will not be able to contest whether Defendants fulfilled all obligations, duties and responsibilities owed to Plaintiff or whether those obligations, duties and responsibilities were prevented, excused or discharged due to the impossibility of landing as a result of other factors such as fuel loads, landing weights or static electricity.

Alternatively, Defendants' contend that the requested information is not relevant because the Warsaw Convention is controlling, and as such, only information regarding whether or not an accident occurred under the Convention would be considered relevant and discoverable. The Court, however, disagrees.  In *Air France v. Saks,*[1] the Supreme Court and held that Article 17 liability arises only if a passenger's injury is caused by an "unexpected or unusual event or happening that is external to the passenger." *Id.* at 405. The conditions precedent to Article 17 liability are as follows: 1) an unexpected or unusual event; 2) external to the passenger; 3) that causes the plaintiff's injury. *See Id.; see also Rodriguez v. Ansett Australia Ltd.,*, 383 F.3d 914, 917 (2004).

Nearly two decades after Saks was decided, the Supreme Court revisited the question of what constitutes an Article 17 "accident" in *Olympic Airways v. Husain*. 540 U.S. 644 (2004). In *Husain*, the

---

[1] 470 U.S. 392 (1985).

Court adopted the district court's finding that the air crew's departure from relevant industry standard was unusual or unexpected conduct satisfying part of the first condition precedent. *Id.* at 652-53. Next, the Court considered whether inaction can constitute an "event" for purposes of Article 17 liability. The Court rejected Olympic Airways' argument that only affirmative conduct can constitute an "event" under Article 17. In dismissing that argument, the majority of the Court concluded that the air crew's failure to assist, or inaction, can constitute an Article 17 "event." *Id.* at 654-57.

Based upon the foregoing, the Court finds Plaintiff's requests to be reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Motion to Compel Defendants to respond to Plaintiff's First Set of Interrogatories Nos. 1-18, Requests for Admissions 14, 15 and 16, and Requests for Production of Documents Nos. 2, 3 and 5 is GRANTED. Responses will be served by Defendants no later than October 20, 2006.

*<u>Defendants' Documents Requests</u>*

Defendants' motion seeks to compel responses to Defendants' Request for Production of Documents Nos. 15-31 and Interrogatory Nos. 22-25. Defendants argue that the information sought is highly relevant to Plaintiff's damages claim of nearly six (6) million dollars for loss of past and future income. Furthermore, Defendants' contend that the documents that have been produced by Plaintiff in response to these requests are inadequate and non-responsive. Plaintiff's have asserted three objections to the disputed discovery requests, relevancy, tax privilege and privacy.

Defendants' document requests seek Plaintiff's tax returns and income records (W2's, 1099's and payroll stubs) for the last five years, financial records regarding Plaintiff's business or employment (profit and loss statements, financial statements, balance sheets, banking records and business loans), and documents related to the nature of Plaintiff's employment or business (business contracts, fictitious business names, partnership agreements, articles of incorporation, and business or trade licenses).

*1. Tax Returns and Income Records*

Tax returns are not absolutely privileged. *Heathman v. District Court*, 503 F.2d 1032, 1035 (9th Cir.1974); Wright, Miller & Marcus, Federal Practice and Procedure § 2019 p. 306 (1993). However, the Ninth Circuit recognizes "a public policy against unnecessary public disclosure [of tax returns] arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and

accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975); *see also Heathman*, 503 F.2d at 1035. Accordingly, the Court may only order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available.

Plaintiff argues that the Defendants' have not met their burden of demonstrating how the requested discovery that would presumably be inadmissable at trial would lead to other admissible evidence. The Court agrees. While the Court finds that Plaintiff's tax returns are clearly relevant under Fed.R.Civ.P. 26(b)(1) in order to properly assess lost earnings, maintenance, and cure, Defendant has not met its burden of establishing a compelling need. On the one hand, Defendant has a legitimate need for this information to assess Plaintiff's damages claim of nearly six (6) million dollars for loss of past and future income. Nonetheless, the Court denies Defendant's motion because there are less intrusive means by which Defendant can obtain the needed information which have not been exhausted. For example, Defendant can depose plaintiff (as discussed below) and get an identification ans explanation of all sources of income during the relevant time period before and after the accident. To facilitate this matter, plaintiff is ordered to produce all non-privileged records supporting al sources and losses of income during the relevant time period before and after the accident, as appropriate. These will be produced no later than October 20, 2006.

To be sure, if after employment of these alternative less intrusive means, Defendant has reason to believe that the information provided by Plaintiff is untruthful or incomplete, the Court will considered a renewed motion on shortened time to require disclosure of the some or all of the tax returns. However, any such motion will have to be based on an objective showing of cause, not sheer speculation.

### 2. All Other Requested Financial Documentation

Defendants' requests for financial records regarding Plaintiff's business or employment[2] are similarly overly broad and the Court denies Defendant's motion as to these requests because there are less intrusive means by which Defendant can obtain the information needed to assess Plaintiff's

---

[2] These requests seek profit and loss statements, financial statements, balance sheets, banking records and business loans, and documents related to the nature of Plaintiff's employment or business contracts, fictitious business names, partnership agreements, articles of incorporation, and business or trade licenses.

damages claim for loss of past and future income, as such focused interrogatories, which have not been exhausted.

### *Defendants' Interrogatories*

Defendants' Interrogatory Nos. 22-25 seek information pertaining to the identity of the financial institutions, accountants, bookkeepers and consultants associated with Plaintiff's personal or business affairs, as well as persons knowledgeable of Plaintiff's personal or business income. Again, Defendants' Interrogatories are similarly overly broad and the Court denies Defendant's motion as to these because there are less intrusive means by which Defendant can obtain the information needed to assess Plaintiff's damages claim for loss of past and future income, as such focused interrogatories, which have not been exhausted.

### *Plaintiff's Deposition*

In May of 2006, Defendants requested dates for Plaintiff and a 30(b)(6) deposition on Plaintiff's loss of income claim.  On June 22, 2006, Plaintiff proposed deposition dates for Plaintiff, however, Defendants informed Plaintiff that written discovery was being served the next day, June 23, 2006, and that Defendants' would require full and complete responses to the discovery prior to the deposition. Plaintiff requested an extension of time for providing responses to the written discovery and Defendants' agreed to extend the deadline until August 9, 2006.  Plaintiff's then designated Plaintiff as the 30(b)(6) deponent for his lost income claim and proposed August 18, 2006 for Plaintiff's depositions.

Defendants argue that the discovery responses received on August 9, 2006 were deficient and on August 15, 2006, Defendants requested that Plaintiff's supplement their responses.  Plaintiff's counsel stated that he would not be able to respond to Defendants' request for supplementation until August 18, 2006, at which point Defendants requested that Plaintiff's depositions be adjourned until the responses were supplemented.  Plaintiff argues that the documents would have been produced at the deposition and that the document production was taking sometime because Plaintiff was disabled and the documents were coming from Poland.  Plaintiff then took the position that Defendants' had waived their right to depose the Plaintiff.

Based on the foregoing, the Court finds no indication that Defendants' waived their right to depose the Plaintiff.  Defendants requested complete responses to the written discovery prior to

1 Plaintiff's deposition and contacted Plaintiff's counsel prior to the scheduled deposition date to request
2 supplementation and adjournment of the deposition until such time as the supplementation was
3 complete.  As such, the Court ORDERS Plaintiff to supplement the responses to Defendants' written
4 discovery as set forth above and (no later than October 20, 2006) to provide Defendants with a new
5 deposition date for Plaintiff within the current discovery cutoff of November 30, 2006.

6    IT IS SO ORDERED.

7 DATED:  October 6, 2006

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court